UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ALFONSO RIVERA-GUADIANA                                              PETITIONER

VERSUS                                          CIVIL ACTION NO. 1:12CV49-HSO-RHW

RON KING                                                             RESPONDENT

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Before the Court is Petitioner Alfonso Rivera-Guadiana's [10] Motion to Dismiss his 28 U.S.C. § 2254 petition for writ of habeas corpus. In the § 2254 petition, Petitioner asserts only one claim, namely whether the state presented sufficient evidence to prove the identity of the alleged victim of Petitioner's crime. Petitioner now acknowledges that, after having read Respondent's answer, the only claim raised in his petition is without merit. However, Petitioner requests that his petition be dismissed without prejudice because he wishes to pursue in state court other claims not asserted in the instant petition. In fact, he asserts that he currently is pursuing state post-conviction relief on claims not raised in the instant petition. Petitioner states that he "should not be barred from returning to this Honorable Court with a legitimate claim, just because of writ writers erroneous mistake."

Respondent agrees that the instant petition should be dismissed, but with prejudice rather than without prejudice. Respondent argues that the claim raised by Petitioner is the only claim that was properly exhausted in state court. Accordingly, there are no other claims that Petitioner could raise that would be fully exhausted in the state's highest court. In subsequent pleadings [12, 13], Petitioner reasserts his desire to file a motion for post-conviction relief in state court, but he fails to identify the claims he intends to assert.

Although Petitioner indicates that he plans to return to the state court to exhaust other

claims, this case does not fit the category of a "mixed petition", because Petitioner has not identified any unexhausted claims in the instant petition. If this were a mixed petition, one containing both exhausted and unexhausted claims, the Court would be obliged to dismiss it without prejudice. *See Alexander v. Johnson*, 163 F.3d 906, 908 (5th Cir. 1998)(holding that a mixed petition should be dismissed without prejudice). The only claim presently before the Court has been exhausted, but Petitioner concedes the claim is without merit. Hence, he wishes to dismiss it. As it stands, the undersigned construes Petitioner's motion as nothing more than a request for leave of court to voluntarily dismiss the § 2254 petition. Although Respondent asserts that the dismissal should be with prejudice, Respondent has failed to demonstrate that Petitioner's unidentified and yet unexhausted claims would be procedurally barred or are otherwise without merit. *See Horsley v. Johnson*, 197 F.3d 134 (holding that § 2254 petition should be dismissed with prejudice if it is clear that petitioner's claims are procedurally barred under state law). The undersigned makes no finding or representation regarding the viability of Petitioner's unexhausted claims or his ability to re-file a procedurally proper § 2254 petition in this Court once he has exhausted state remedies. *See Pliler v. Ford*, 542 U.S. 225, 231-34 (2004).

## RECOMMENDATION

The undersigned recommends the Rivera-Guadiana's [10] Motion to Dismiss be granted and that his 28 U.S.C. § 2254 petition be dismissed without prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless

the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 4th day of June, 2012.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE